Tracy M. ATKINSON, n/k/a Tracy
M. Dinella, Appellant,

v.

Douglas ATKINSON, Respondent.

No. ED 86857.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 7, 2006.

Susan Kreher Roach, Clayton, MO, for appellant.

Benicia Ann Baker–Livorsi, St. Charles, MO, for respondent.

BOOKER T. SHAW, J.

Tracy M. Atkinson, n/k/a Tracy M. Dinella ("Mother"), appeals from the trial

court's judgment dismissing her motion for reimbursement for fifty percent of their children's uninsured medical expenses from Douglas Atkinson ("Father") for failure to state a claim.[1] We reverse and remand for further proceedings consistent with this opinion.

### Facts and Procedural History

Mother and Father were married in July 1998 and had two children during the marriage. In November 2001, the judgment and decree of dissolution was entered dissolving their marriage. Mother and Father were awarded joint legal custody of their two minor children, and Mother was awarded primary physical custody of the children. The judgment was silent on the division of uncovered medical expenses of the parties' children.

In November 2003, Mother filed a motion to modify the judgment of dissolution asking the trial court to equally divide uncovered medical expenses between Mother and Father for the children. In October 2004, the parties entered into a consent judgment ("Consent Judgment"), which specifically addressed this issue. Mother appealed and this Court affirmed the Consent Judgment in *Atkinson v. Atkinson*, 169 S.W.3d 561 (Mo.App. E.D. 2005). While that appeal was pending, Mother filed a "Motion to Determine Sums Due and Owing" before the trial court, seeking reimbursement from Father for uncovered medical expenses for the children. Father filed a motion to dismiss her motion for failure to state a claim, which the trial court granted. This appeal follows.

### Analysis

■■■ In her only point on appeal, Mother argues the trial court erred in granting Father's motion to dismiss her motion for reimbursement for fifty percent of their children's uninsured medical expenses from Father for failure to state a claim. We reverse and remand for further proceedings consistent with this opinion.[2]

■■■ "We review *de novo* the grant of a motion to dismiss, examining the pleadings to determine whether they invoke principles of substantive law." *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo. App. W.D.2004). We liberally construe the pleadings and accept all alleged facts as true and construe the facts in a light most favorable to the pleading party. *Id.*

In her "Motion to Determine Sums Due and Owing," and memorandum in support of her motion, Mother relied upon the Consent Judgment and Section 454.633.3, RSMo 2004. Mother alleged in her motion

---

1. Mother's motion for leave to supplement her brief is hereby granted and we accept her jurisdictional statement as filed with that motion.

2. In his brief, Father argues Mother's motion should be denied because her claim is precluded by *res judicata*. However, Father did not specifically assert this argument in his motion to dismiss before the trial court and it is therefore not properly before us. *Res judicata* cannot be asserted for the first time on appeal. *See Lamont v. Lamont*, 922 S.W.2d 81, 85, n. 1 (Mo.App. W.D.1996); *Heins Implement Co. v. Missouri Highway & Transp. Comm'n*, 859 S.W.2d 681, 685 (Mo. banc 1993) (finding that *res judicata* must be pleaded in an answer, raised by an amendment to the pleadings or presented in a timely motion to the trial court).

At oral argument before this Court, Father cited *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315 (Mo. banc 2002), for the proposition that he did not need to specifically assert *res judicata* in his motion to dismiss. However, in that case, the party specifically raised *res judicata* in its motion to dismiss before the trial court. Therefore, *Chesterfield* is distinguishable from the case before us and Father's reliance upon it is misplaced.

that she incurred uninsured medical expenses on behalf of the children in the amount of $8,270.00, and that she presented proof of these expenses to Father, but that he refused to contribute any funds. Mother requested that the trial court order Father to pay fifty percent of these uninsured medical expenses. Father filed a motion to dismiss Mother's motion to determine sums due and owing for failure to state a claim. The trial court sustained Father's motion. We disagree with the trial court and find Mother's motion states a claim for relief under Section 454.633.3, RSMo 2004.

Section 454.633.3, RSMo 2004, governs the payment of a child's uncovered medical expenses by his parents and states in pertinent part:

> As between parents, responsibility for the child's care expenses that are not covered by a health benefit plan may be equitably apportioned between the parents by the court ..., in percentage shared based on their income, or based on a written agreement of the parties. If the order or agreement fails to designate the shares applicable to the parents, then each parent shall be liable for fifty percent of such expenses.

This is precisely what Mother was seeking from the trial court in her motion—an order requiring Father to reimburse her for fifty percent of the uncovered medical expenses for their children. In addition, the Consent Judgment the trial court entered in October 2004 specifically provided that Mother and Father shall each pay fifty percent of any non-covered medical expenses for their children. As such, Mother properly pled a cause of action for reimbursement of these uncovered medical expenses and the trial court erred in dismissing her motion. We reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., concur.